UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-20025-CR-LENARD

UNITED STATES OF AMERICA

vs.

FSD GROUP, LLC,

       Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida (hereinafter the "United States" or "government") and FSD Group, LLC, (hereinafter the "defendant" or "FSD Group") enter into the following plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

    I.    Guilty Plea

    A.    The defendant agrees to plead guilty to the one-count Information filed against it. Count 1 of the Information charges the defendant with violating Title 18, United States Code, Section 545, for knowingly receiving, buying, selling, and in any manner facilitating the transportation, concealment, and sale of merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law, that is: approximately 65,592 kilograms of HCFC-22 with an approximate fair market value of $733,096.00, which the defendant knew had been imported and brought into the United States contrary to the Clean Air Act, Title 42, United States Code, Sections 7413(c)(1) and 7671d, and Title 40, Code of Federal Regulations, Part 82.

B.	The defendant agrees to waive Indictment by a Grand Jury and agrees to admit that it is in fact guilty of the felony offense charged in the Information and that the attached Joint Factual Statement dated this same day is an accurate statement of its conduct.

II.	Corporate Authorization and Organizational Changes

A.	The defendant will provide to the United States written evidence in the form of a notarized resolution of the Board of Directors with both notary and corporate seals, certifying that FSD Group is authorized to plead guilty to the felony offense set forth in the Information, and to enter into and comply with all provisions of this plea agreement. The resolution shall further certify that its Manager is authorized to take these actions and that all corporate formalities, including but not limited to, approval by FSD Group's Board of Directors, required for such authorization, have been observed. The defendant agrees that the Manager of the company shall appear on behalf of the company to enter the guilty plea and for imposition of the sentence in the United States District Court for the Southern District of Florida.

B.	In consideration of the undertakings herein, FSD Group expressly agrees that it shall not, through a business transaction of any type, including but not limited to, a change of name, business reorganization, sale or purchase of assets, divestiture of assets, or any similar action, seek to avoid the obligations and conditions set forth in this plea agreement. This plea agreement, together with all of the obligations and terms thereof, shall inure to the benefit of and bind assignees, successors-in-interest, or transferees of the defendant.

III.   Sentencing Guidelines and Penalties

A.   The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in Section I.A and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

B.   The parties agree and understand that the United States Sentencing Guidelines relating to the sentencing of organizations (Chapter Eight) apply here. The Parties agree that the statutory maximum amount of the fines to be imposed under the statute charged in Count 1 is the greatest of:   $500,000, Title 18, United States Code, Section 3571(c)(3), or twice the gross pecuniary gain or gross loss resulting from the offense, pursuant to Title 18, United States Code,

Section 3571(d). In addition, the defendant understands and agrees that it may be subject to a term of probation of not more than five years with respect to Count 1. Title 18, United States Code, Section 3561(c)(1).

  C. The defendant further understands and acknowledges that, in addition to any sentence imposed under this agreement, a special assessment in the amount of $400 per count of conviction will be imposed on the defendant, payable to the "Clerk, United States Court" at the time of sentencing. Title 18, United States Code, Section 3013(a)(2)(B).

  D. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, is a prediction, not a promise, and is not binding on the United States, the probation office or the court. The defendant further understands that any recommendation that the United States makes to the court as to sentencing, whether pursuant to this plea agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in Section III.A. above, that the defendant may not withdraw its plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the United States, or a recommendation made jointly by both the defendant and the United States.

  E. The United States reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this plea agreement, the United States further reserves the right to make any

-4-

recommendations as to the quality and quantity of punishment.

IV.     Sentence Recommendation

The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend to the court that under the advisory Sentencing Guidelines the following findings and conclusions would correctly represent the calculation of a reasonable and appropriate sentence.  Further, neither party shall adopt nor argue any position with respect to sentencing in this matter contrary to the following recommendations:

A. The parties agree to recommend that the defendant be placed on organizational probation for a period of three years;

B. The parties agree to recommend as a special condition of probation that the defendant will establish, implement, and enforce an Environmental Compliance and Training Plan (hereinafter referred to as the "ECP") consistent with Sentencing Guidelines Section 8B2.1.  The defendant also agrees that it shall not seek early termination of probation until such time as all obligations of this plea agreement are satisfied and the ECP, further described in Section V, has been fully and successfully implemented for a continuous two-year period commencing at such time as the defendant certifies that the ECP is first fully implemented;

C. The parties agree that pursuant to Title 18, United States Code, Section 3571, and in consideration of the factors enumerated in Title 18, United States Code, Section 3572, imposition of a criminal fine of $100,000, payable to the "Clerk, United States District Court," is appropriate under the relevant circumstances of this case.  The

parties agree to request that the judge order the fine be paid according to a reasonable payment schedule and to be paid in full prior to the end of the term of probation.

D.  The defendant agrees, as a special condition of probation, to pay the sum of $16,696.22 to the United States Customs and Border Protection to be paid in full at the time of sentencing. This amount is in full accord and satisfaction of any customs duties owed, including interest and penalties, as the result of incorrectly classified merchandise imported into the United States between January 9, 2007 and the present.

E.  The defendant agrees to voluntarily forfeit to the United States, the sum of $180,051.00, which represents proceeds or property constituting, or derived from, proceeds the defendant received directly or indirectly as the result of the offense, to be payable to "Homeland Security Investigations" in full at the time of sentencing.

F.  The parties agree to jointly recommend that the sentence be imposed according to the terms of this agreement without the need for a Pre-Sentence Investigation and Report. The defendant hereby specifically waives its right to a Pre-Sentence Investigation and Report, including the right to review such a report in advance of sentencing, so that sentence may be imposed immediately following defendant entering its guilty plea.

V.  <u>Environmental Compliance</u>

The parties agree to recommend, as a special condition of probation, that the defendant establish, implement, and enforce an ECP consistent with U.S.S.G. 8B2.1 including but not limited to the following:

A.  Within sixty days of sentencing, the defendant will submit its written ECP to the District Court Judge assigned to this case, the Probation Office in the Southern District of Florida, the United States Attorney's Office for the Southern District of Florida, the Environmental Protection Agency, Criminal Investigation Division - Miami Field Office, and the Department of Homeland Security, Immigration & Customs Enforcement, Homeland Security Investigations - Miami Field Office.

B.  The ECP will include provisions addressing compliance with the applicable environmental and customs laws and regulations governing the importation, receipt, handling, transportation, purchase and sale of ozone-depleting substances, including but not limited to HCFC-22, and addressing the training of employees regarding environmental and safety matters. The ECP shall be subject to approval by the Court and the United States. In particular, the ECP must provide for the development, implementation, and enforcement of appropriate management practices, including but not limited to:

   i.   Each employee will receive training on environmental compliance, and FSD Group will maintain a record of the type of training provided to each employee and the frequency of such training;

   ii.  The defendant will establish employee compliance with environmental policies and laws as a positive factor in all personnel evaluations and failure to comply with such policies and laws as a negative factor;

  iii. The defendant will designate a Vice-President or equivalent supervisory employee responsible for environmental matters and for implementing and overseeing the ECP;

  iv. The ECP shall remain under the supervision of the Court for the duration of the term of probation. Both parties to this agreement may seek a hearing before the Court within 90 days of receipt of the written ECP in the event they are unable to reach agreement on the content of the ECP;

  v. The defendant agrees to assume all reasonable costs associated with the implementation, maintenance, and Court oversight of the ECP and this special condition of probation.

VI. <u>Additional Liability</u>

The United States agrees that in return for the defendant's representations and undertakings in this agreement, the United States will not file additional criminal charges against it in the Southern District of Florida for violations associated with improper commercial transactions involving illegally imported HCFC-22 in the Southern District of Florida, disclosed and known to the United States, as of the date of the signing of this plea agreement. This plea agreement does not provide or promise any waiver of any other criminal, civil, or administrative actions that may apply, including but not limited to: fines, penalties, claims for damages to natural resources, suspension, debarment, listing, licensing, injunctive relief, or remedial action to comply with any applicable regulatory requirement.

VI.  Express Waiver of Right to Appeal Guilty Plea and Sentence

The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the United States's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that it has discussed the appeal waiver set forth in this agreement with its attorney. The defendant further agrees, together with the United States, to request that the District Court enter a specific finding that the defendant's waiver of its right to appeal the sentence to be imposed in this case was knowing and voluntary.

[space left intentionally blank]

VII. Binding Final Agreement

This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

DATE: 2/25/13      By: _____
JODI A. MAZER
SPECIAL ASSISTANT U.S. ATTORNEY

**REPRESENTATIVES OF DEFENDANT**

DATE: 2/25/13      By: _____
NORMAN MOSCOWITZ, ESQ.
ATTORNEY FOR DEFENDANT

DATE: _____    By: _____
PETER A. QUINTER, ESQ.
ATTORNEY FOR DEFENDANT

DATE: 2/25/13      By: _____
PEDRO JUSTO SAEZ, MANAGER
DEFENDANT

Jorge Saez, V.P.